# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EDELSTEIN,<br><br>        Plaintiff,<br><br>  v.<br><br>SINGLE ROOM OCCUPANCY HOUSING CORP.,<br><br>        Defendant. | Case No. CV 17-06042 BRO (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On August 15, 2017, plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 and Title VI . (ECF No. 1 at 1.) He subsequently was granted leave to proceed *in forma pauperis*. Plaintiff names one defendant, Single Room Occupancy Housing Corp. ("SRO"), a nonprofit corporation. (*Id*.) Plaintiff purports to be raising one claim pursuant to Title VI, 42 U.S.C. § 2000d, *et seq.* (*Id*. at 1, 2, 5, 6.) Plaintiff seeks monetary damages. (*Id*. at 7-8.) The Complaint arises from incidents that occurred while plaintiff was a resident of the Leonide Hotel, a property owned and operated by SRO. (*Id.* at 2.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to

state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The Court's screening of the pleading under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 1322 (2014). Then, "dismissal is appropriate where the plaintiff failed to allege enough *facts* to state a claim to relief that is plausible on its face." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted, emphasis added).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

Following careful review of the Complaint, the Court finds that its allegations appear insufficient to state any claim upon which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[1]

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or

3

## A. Title VI

Although the title page of the Complaint references 42 U.S.C. § 1983 (ECF No. 1 at 1), the Complaint only sets forth one Cause of Action. That cause of action purports to be raised pursuant to Title VI, 42 U.S.C. § 2000d, *et seq.* (*Id*. at 6.)

As alleged in the Complaint, plaintiff, who is a recipient of a federal housing subsidy, was a resident of the Leonide Hotel from April 2009 to August 2015. (*Id.* at 2.) Plaintiff was "verbally and physically threatened and targeted by SRO management based on his Jewish identity." (*Id*.) Further, SRO was aware of the "hostile environment towards Jewish tenants" at the property, and it "actively and intentionally engaged in and condoned this pattern of" discrimination. (*Id*. at 7.) Plaintiff alleges that he experienced "racist and anti-Semitic" graffiti and vandalism to his door; a physical threat from the "manager of the Leonide Hotel"; the loss of access to his unit when the manager attached a "door latch"; and "verbal threats and anti-Semitic slurs." (*Id*. at 3.) Plaintiff also alleges that SRO refused to investigate threats, harassment, and repeated vandalism to his door, including a swastika carved into the door. (*Id*.) Plaintiff then "suffered an illegal lockout on August 2015," but he retained a key that he attempted to surrender upon being allowed access to regain his belongings. (*Id*. at 4.) He made "failed" attempts to set up meetings with "SRO management" in August and September 2015, and in October 2015, "he had a hostile confrontation with the manager who refused plaintiff access." (*Id*.) Plaintiff further alleges that the manager "pushed plaintiff" and told plaintiff to surrender the key without being provided access to recover plaintiff's

---

defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

property. Plaintiff reported this incident and his earlier "concerns" to SRO, but SRO refused to act. (*Id*.)

In the Complaint, plaintiff expressly alleges that SRO "has fostered and sanctioned anti-Semitism from the highest levels and affirmed the actions of hostile, aggressive, and disruptive behavior by their managers and agents." (*Id*. at 4.) Title VI, however, does not prohibit discrimination on the basis of religion. *See, e.g., Lubavitch-Chabad of Illinois, Inc. v. Nw. Univ.*, 6 F. Supp. 3d 806, 816 (N.D. Ill. 2013) ("Title VI does not provide for protection against discrimination on the basis of religion—only race, color, or national origin."). Rather, 42 U.S.C. § 2000d states: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *See Alexander v. Sandoval*, 532 U.S. 275, 278 (2001). The Complaint does not set forth any factual allegations that plausibly give rise to a claim of discrimination based on "race, color, or national origin."

Accordingly, even accepted as true, the allegations in the Complaint fail to raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555.

**B.   Fair Housing Act**

Plaintiff's Complaint does not purport to allege a claim pursuant to the Fair Housing Act ("FHA"). The FHA, however, prohibits discrimination in the sale or rental of housing to any person because religion, as well as race, color, sex, familial status, or national origin. 42 U.S.C. §§ 3604-3605; *see, e.g., Taylor v. Rancho Santa Barbara*, 206 F.3d 932, 935 (9th Cir. 2000); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1062 (9ith Cir. 2004) (applying the Fed. R. Civ. P. 8(a) to FHA claims). Pursuant to Section 3604(a), it is unlawful to "make unavailable or deny a dwelling to any person because of race, color, religion, sex, familial status, or national origin."

Based on the factual allegations in the Complaint, it appears to the Court that plaintiff may be able to state a claim pursuant to the FHA. If plaintiff wishes to pursue such a claim, he should set forth in a First Amended Complaint a simple, concise, and direct statement of the factual and legal basis of his claims against the defendant. *See* Fed. R. Civ. P. 8(a), 8(d).

************

If plaintiff still desires to pursue this action**, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order**, remedying the pleading deficiencies discussed above. The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.

Finally if plaintiff wishes to receive free information and guidance concerning self-representation, a *pro se* clinic is held within the Court at the following times and location:

The United States Courthouse
312 N. Spring Street, Room G-19
Los Angeles, CA 90012
Mondays, Wednesdays and Fridays
9:30 am - 12:00 pm and 2:00 pm - 4:00 pm
(213) 385-2977, ext. 270

**IT IS SO ORDERED**.

DATED: 8/23/2017

*[signature]*
_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE